PER CURIAM.
 

 We find no reversible error in this
 
 An-ders
 

 [1]
 

 appeal. There is, however, a minor error relating to the classification of the Defendant’s conviction which was referenced in the
 
 Anders
 
 brief filed on appeal.
 
 [2]
 
 After a full and independent review of the record, we affirm the Defendant’s conviction and sentence but remand to the trial court to correct the Defendant’s judgment of conviction to reflect that the Defendant’s conviction for burglary of a dwelling with an assault or battery (with a firearm) is a first-degree felony punishable by life rather than a life felony. The jury specifically found that the Defendant did not personally possess, carry, display, use or threaten to use a firearm at the time he committed the felony. Therefore, the degree of the crime could not be reclassified as a life felony. This correction does not affect the validity of the conviction or the sentence imposed.
 

 Remand for correction; otherwise AFFIRMED.
 

 MONACO, C.J., GRIFFIN and TORPY, JJ., concur.
 

 [1]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
 

 [2]
 

 . This issue was raised in a Florida Rule of Criminal Procedure 3.800(b) motion. However, the trial court did not timely rule on this motion and it is deemed denied.